ADAMS *v.* BEEKMAN AND OTHERS.

Where A. by his will devised the use of his farm to his son and nephew for three years, and directed his executors at the expiration of the term to sell the farm and divide the proceeds among his five children; and also declared in his will, that if any one of his children died before him, leaving no children, or should die after his decease, leaving no children, without having disposed of his or her share, that the share of such child should go to the survivors; but if any of the testator's children should die leaving children, then such children were to have the share of their parent in the *same manner as such parent if living would have taken the same; and the son died within the three years leaving children; it was held that the children took under the will and not as heirs of their father, and that their mother was not entitled to dower in the farm, and that the creditors of the son had no claim upon that share of the estate for the payment of their debts.

[*632]

The death of the son before the expiration of the three years and before the executors were authorized to sell, divested his interest, and the executory limitation over to his children immediately took effect.

Where there is a bequest in remainder after the determination of a particular estate, with an executory limitation over in case of the death of the legatee, the legatee takes only a contingent interest, which will be divested if he dies during the continuance of the particular estate, and the limitation over will take effect.

1829

Adams
v.
Beekman

WILLIAM ADAMS by his will devised the use of his farm to his son, the husband of the complainant, and to his nephew for the term of three years. He directed his executors, at the expiration of that time and as soon thereafter as could conveniently be done, to sell the farm and divide the avails among his five children. By a subsequent clause in the will it was provided that if any of his children died before the testator, leaving no children, the share of the child so dying should go to the survivors; and also in case any of them should die after his (the testator's) decease leaving no children, and not having disposed of his or her share of the estate, the same should likewise go to the survivors; but in case any of the testator's children died leaving children, then such children were to have and take the share of their parent in the same manner as such parent, if living, would have taken the same. The son died within the three years, leaving the complainant, his widow, and the infant defendants, his children. The widow and nephew continued to occupy the farm together until the expiration of the three years, since which time a part thereof has been sold by the executors according to the directions of the will. The complainant administered on the estate of her deceased husband and commenced this suit against the executors of her father in law and her infant children, claiming dower in one-fifth of the proceeds of the sale, and that a part of that fifth should be applied to the payment of the debts due from her deceased husband. The executors suffered the bill to be taken as confessed *against them, and the children put in a general answer by their guardian.

November 4th.

[*633]

THE CHANCELLOR:—The guardian *ad litem* has not brought the rights of these infant defendants properly before the court, but there is sufficient on the papers to enable me to see that the complainant's claim cannot be sustained. The one-fifth of the proceeds of the sale of the farm is not given by the will absolutely to the son. Although the testator directs the farm to be sold at the expiration of the three years and gives the proceeds to his five children forever, it is evident from the subsequent clause that he contemplated the event which has actually happened, to wit, the death of some of his children before the expiration of the three years, or before the proceeds of the sale were reduced into possession, or disposed of by them. By the fifth clause of the will the testator provided for such a contingency and has directed that the share of the legatee so dying should go to his children if he has any, and if not it is to go to the surviving children of the testator.

From the case of *Hutchin* v. *Mannington*, (1 Ves. jun. 366,) it would seem that the expressions in the fifth clause of this will were not sufficient to carry the limitation over to the children of the son if he had lived until the expiration of the term of three years. But that decision was seriously questioned by Lord Eldon in *Stilwell* v. *Bernard*, (6 Ves. 536,) and in *Gaskell* v. *Harman*, (11 Ves. 497,) although it is not expressly overruled. That question is not material in the determination of this case. Where there is a bequest in remainder after the determination of a particular estate, with an executory limitation over in case of the death of the legatee, such dying is to be applied to the time when the remainder takes effect in possession, and not to the time of the death of the testator.[1] The legatee takes but a contingent interest which will be vested if he dies during the continuance of the particular estate, and the limitation over will take effect. (*Harvey* v. *McLaughlin*, 1 Price's Rep. 264; *Galland* v. *Leonard*, 1 Swanst. 161.)

[1] See *Home* v. *Pillans*, 2 My. & K. 15.

In this case by the death of the son during the term, and before the executors were authorized *to sell the farm and divide the proceeds, his interest was divested, and the executory limitation over to his children took effect. They are entitled to the share of the proceeds which would have belonged to him if living. They do not take as heirs of their father but as contingent legatees under the will.[1] Their mother is not entitled to any part thereof, either as dower, or under the statute of distributions; neither can it be subjected to the claims of the creditors of the estate of their father.

I regret to be compelled to say the interest of these infant defendants has been wholly neglected by those whose duty it was to protect their rights. The executors instead of submitting the construction of this will to the court, have suffered the bill, which did not contain that part of the will on which the rights of the infants depended, to be taken as confessed; and the guardian appointed by the court to conduct the defence of the infants, instead of attending to it has entrusted it to a solicitor whose name appears to the complainant's bill as her counsel, and who does not even appear at the hearing to submit the facts in the case to the consideration of the court. If another such case occurs I shall consider it my duty to inquire who is the guardian *ad litem.* The complainant's bill must be dismissed, but as the guardian has wholly neglected his duty he has no claim for costs, even as against her.

[1] See *Dunham* v. *Osborn, post,* note.