By the Court. Mason, J.
On the argument of the plea, the counsel for the plaintiff objected, that the plea was double, that it did not deny the fraud charged, and that it was not supported by the answer.
The objection of duplicity does not appear to be well taken. It is true that two different sections of the statute are referred to and relied on, and that these two sections apply to different causes of action ; but the defence is single, to wit, that the claim is barred by the statute of limitations. The original case made by the bill, is one which is not cognizable by the courts of common law, and is one to which therefore the limitation of ten years is applicable. But the plaintiff having, in order to avoid the bar of the statute, which might be set up, alleged that the *535 fraud in the settlement was discovered only a short time before the filing of the bill, it became necessary for the defendant either to deny the fraud, or to deny its discovery by the plaintiff within six years.
The plea of the ten years limitation would have been unavailing, unless the equitable circumstances stated in the bill in avoidance of the statute, were also denied; and on the other hand, the denial of the discovery within six years would have been of no consequence, unless it also appeared that the original cause of action was barred by the statute applicable to it. So that it was necessary to plead both the ten years and the six years limitation, in order to give a complete answer to the bill.
A similar question arose in the case of Forbes v. Shelton, (8 Simons, 335,) where the defendant pleaded two different statutes of limitation, the statute of 21 James, and that the cause of action did not accrue within six years, and also the statute of Geo. 4, and that he had not made any acknowledgment of the debt within six years. It was objected, that the plea was double, but the vice-chancellor held, that it could not be considered as a double plea, for although the two acts were passed at different times, they ought, he observed, to be considered as jointly making one bar. He held, however, that it was unnecessary for the defendant to have pleaded the statute of Geo. 4, inasmuch as there was no allegation in the bill that any acknowledgment had been made ; thereby intimating that the second branch of the plea would have been necessary had the bill contained any such allegation.
It was next urged, that the plea should have denied the fraud charged in the bill, and various authorities were cited in support of this position.
• It is undoubtedly the general rule, that when in anticipation of a bar that might be set up by the defendant to the plaintiff’s claim, such as a release, the bill alleges that the release was obtained by fraud, the plea setting up the release should also deny the fraud ;■ yet in a case like the present, the defendant is at liberty either to deny the fraud altogether, or to deny the discovery of the fraud within six years. (Story’s Eq. PI. 754.) Indeed, the absolute denial of the fraud is inconsistent with the *536 plea that it was not discovered within six years, since in the very terms of the plea, there is an implied, admission of the fraud for the purposes of the plea.
' The only remaining question is, whether the answer sufficiently denies the equitable circumstances which are alleged in the. bill, in avoidance of the bar of the statute.
Those circumstances are, in substance, that the plaintiff, in or about the fall of 1845, commenced a written correspondence with the defendant, in the course of which the defendant inclosed in a letter to the plaintiff the account mentioned in the bill, and that the developments contained in that letter, and the advice which the plaintiff received thereon, enabled him for the first time to discover the fraud stated in the bill, which he did not fully understand or discover until the receipt of such account and letter, and that he was not apprised until then of the design of the defendant to appropriate to himself, and keep in his own possession and use, the sum of $1600, on pretence of paying the same over to Sarah Bassett, one of the legatees in the bill named.
These are all the equitable circumstances set up in the bill as to the discovery of the fraud, and in avoidance of the statute; and the answer, while it admits the correspondence and the transmission of the letter and account before referred to, yet explicitly and fully denies that the plaintiff was enabled to or did thereby discover the fraud charged in the bill; on the contrary, it alleges an express agreement between the plaintiff and defendant, in December, 1837, that the defendant should retain the $1600 in his hands until it could be paid according to the terms of the will, and denies the discovery by the plaintiff within six years next preceding the filing of the bill, of any material fact alleged in his bill, of which he was previously ignorant.
We think the answer is sufficient to support the plea.
Plea allowed.