Tillman agt. Sullivan.

---

## SUPREME COURT.

WALTER B. TILLMAN, in his own right and as executor, &c., of JULIA A. GENTIL, deceased, agt. ALGERNON S. SULLIVAN, public administrator, &c., and others.

*Will — Construction of — When interests vest — The word "heir" does not include the "widow" — When substitutes take the place of primary donees.*

The testatrix by her will directed that her residuary estate upon the death of her husband, who had a life interest therein, should be divided, after payment of certain legacies, into two equal parts; one of the two to be subdivided into seven equal parts, one of which she gave to each of six persons named and one to the children of another person, and directed that the "heirs of any or either of the foregoing persons who may die before my said husband take the share which the persons or person so dying would have taken if living." The husband of the testatrix survived her, but previous to his death several of the persons to whom the seven parts were given had died:

*Held,* that the substantial interest in these shares given to these persons was not to be absolutely vested in them until the death of the husband of the testatrix, and that whatever interest they took, although vested

during his lifetime, was liable to be divested by the death of either in the lifetime of the tenant for life, and the heir or heirs of the person so dying took the share which he or she would have taken if living at the time limited by the will. Therefore the widow of one of the persons so dying, who by his will gave her all his interest in the property so bequeathed, did not thereby become the owner of such share, though his nearest relatives by blood at the date of his death were the children and grandchildren of a deceased sister, and the whole remainder be regarded as personal property, the widow is not included under the term "heir," as used by the testatrix, and can take nothing under the will and her husband's share must go to his nearest blood relatives.

*Special Term, June,* 1882.

*Evarts Southmayd & Choate,* for plaintiff.

*Pritchard, Smith & Dougherty,* for defendants Ellen A. Davis and others.

*Gray & Davenport,* for defendant Bird.

*Henry W. Clark, E. S. Dakin, Chas. H. Glover, L. H. Arnold, Connolly & Holme* and *Frederick B. Jennings,* for the other defendants.

VAN VORST, *J.* — I must say, in the beginning, that the principal questions involved in this controversy have been exceedingly well presented by the counsel engaged. Their briefs and arguments, submitted with the papers, discuss the questions in issue with uncommon ability and commendable candor.

The testatrix, by her will made in 1868, gave all her residuary estate to her executors in trust to apply the income thereof to the sole use of her husband, Theodore Gentil, during his life. The testatrix, a resident of the city of New York, died in France in 1874, where she was temporarily sojourning. The eighth clause of her will, concerning the construction of which questions have arisen, is in these words:

"*Eighth.* I will and direct that all the remainder of my estate so set apart for the use of my said husband during his

life, immediately after his death, first deducting therefrom
the legacies bequeathed by the last preceding clause of this
will, shall be divided into two equal parts, as near as may be,
and that then one of said shares or equal parts shall again be
subdivided into seven equal shares or parts; and I give, devise
and bequeath one of said seven equal parts of one of the said
two equal parts to each of the following persons and their
heirs, viz.: To Eugenia Newman, of Philadelphia, one part;
to Charles Miflin, of Boston, one part; to Sophia Gardiner,
widow of the late Edward Gardiner, of Boston, one part; to
Matilda Van Buren, the wife of Thomas Van Buren, of
Chicago, one part; to Elizabeth D. Tillman, of Troy, one
part; to William N. Davis, of Illinois, one part; and to the
children of William A. Bird, of Black Rock, in the state of
New York, one part. The heirs of any or either of the fore-
going persons who may die before my said husband to take
the share which the persons or person so dying would have
taken if living, to have and to hold to them, respectively, and
their respective heirs, executors and administrators, forever."

Theodore Gentil, the husband of the testatrix, survived her
but died in April, 1880. But previous to his death several of
the persons particularly named, to whom the seven parts
of the remainder were given by the eighth clause of the will,
had departed this life, which fact has given occasion to con-
flicting claims to the parts of the residue intended for the
person or persons so dying.

One of these cases, however, need only be examined, as it
will result in the declaration of a principle which will control
each case, and will clearly indicate who is legally entitled to
the share of the remainder primarily intended for the person
so dying.

William N. Davis, to whom one of the seven parts was
given, resided and had his domicile in the state of Illinois at
the date of the will, and he continued to reside in such state
until his death. He died on the 20th day of June, 1878.

William N. Davis left him surviving his widow, the defend-

ant, Ellen Augusta Davis, but no child or children or descendants of a child, and no parent nor brother or sister. His nearest relatives by blood at the date of his death were the children and grandchildren of a deceased sister, Johanna Davis Bird, who married William A. Bird of Black Rock.

William N. Davis left a will dated in 1876, by which he gave to his wife all his interest in the property bequeathed to him by the will of Julia Augusta Gentil. The will was executed and published in all respects according to the requirements of the laws of Illinois, as well as those of the state of New York.

The widow of William N. Davis claims that under the will of her husband she is the absolute owner of the share in the remainder, given to her late husband by the will of the testatrix.

I am of opinion that this claim cannot be sustained. I am not prepared to decide, as is claimed by her counsel, that the gift to her husband of the one-seventh part of one-half of the remainder was so absolutely vested in him as that his testamentary disposition thereof could not be defeated. A consideration of the whole devise and bequest (and I must regard it as an entirety) satisfies me that the substantial interest in the share given to William N. Davis was not to be absolutely vested in him until the death of Theodore Gentil, and that whatever interest he took, although vested during his lifetime, was liable to be divested by his death in the lifetime of the tenant for life. And the consequence follows that the will of William N. Davis conferred no right whatever upon his widow, to the share which he could only have taken in the event that he was in being at the death of the tenant for life.

I consider it quite clear from the carefully chosen words used in this clause of the will, that it was present to the mind of the testatrix, when she made this testamentary disposition, that the interest primarily intended for William N. Davis, as well as the other donees named in the eighth clause of the will, was liable to be defeated by the death of one or more of them,

through the postponement by her of the time of the division of the estate, after her husband's death, when the gifts were to be absolutely taken and enjoyed. For upon the death of the life tenant, and not before, was the remainder, the legal title to and possession of which, as an entirety, was to remain in the trustees for the sole use of the husband of the testatrix until his death, to be divided into separate shares, and which distinct shares were given to the persons above named and "their heirs." In view of the fact that in the event of the death of Davis in the lifetime of the husband of the testatrix, there was a gift over, it is not material to speak further of the nature of the interest of Davis during life, for if it was a vested interest it was liable to be divested. The gift to him was not indefeasible. For the last sentence in the clause, which must be considered as controlling, is in these words:

"The heirs of any or either of the foregoing persons who may die before my said husband, to take the share which the persons or person so dying would have taken if living."

This clearly shows that the testatrix would herself with certainty point out the channels through which her estate should flow. In this view the heirs of the person so dying are substituted in the place of the persons dying, and take through the operation of the executory gift, and not by descent or inheritance.

Construction can assign no period for the absolute vesting of interests under a will in opposition to its plain and ambiguous terms, nor can it enlarge a right or interest beyond what the clearly expressed intentions of the testator has intended. And I must therefore decide, as well in the case of William N. Davis as in that also of any other person to whom a share in the remainder was given by the eighth clause of the will, and who died in the lifetime of Theodore Gentil, that his or her heirs take the share which the person so dying would have taken if living at the time limited by the will. The following cases illustrate what has been above suggested: *Drake*

agt. *Pell* (3 *Edw.*, *ch.* 251, *p.* 268); *Adams* agt. *Beekman* (1 *Paige*, 632); *Williamson* agt. *Field* (2 *Sandf.*, 533); *Moore* agt. *Lyons* (25 *Wend.*, 144). But it is claimed by the learned counsel for the widow of William N. Davis that if his share did not vest absolutely in him, so as to pass to her under his will, still she took the whole of said share as his "*heir*" under the eighth clause of the will. And in this connection it is urged that the bulk of the estate left by the testatrix was personal, and that her real estate was of comparatively small value, and that by force of the provisions of the will there was an equitable conversion of realty into personalty.

I am of opinion that there was such equitable conversion. But I apprehend that the fact that the whole remainder is to be regarded as personal property, for the purposes of division and distribution, does not determine the question as to whether the widow is to take the whole or any part of the share primarily given to her husband.

Effect must be given to what has been decided above — that the heirs of William N. Davis take the share of the estate primarily given to him by purchase, through the gift over and under the will. It is probably true that under the English decisions the widow would be embraced under the general term "*heirs*" of William N. Davis. Thus, *In re Stevens' Trust* (15 *Eq.* [*L. R.*], 115), it was held that by the word "heirs" were meant the next of kin of I. S., according to the statute of distributions, together with the widow of I. S., if living at the death of the testatrix. The "heirs-at-law" and "next of kin," although often the same persons, yet they constitute separate classes. The word "heirs" usually designates those who succeed to the real property of an intestate ; the "next of kin," those who succeed to the personal property ; and the word "heirs" is sometimes construed to mean "next of kin."

I can discover nothing in the will under consideration which leads to the conclusion that the testatrix meant that the widow of William N. Davis should be included in the word "heirs,"

Tillman agt. Sullivan.

used by her, or that she should take any part of the remainder, although it all be regard as personalty.

The following cases hold in effect that the widow is neither an "heir," nor embraced within the term "next of kin" of her husband (*Adams* agt. *Beekman*, 1 *Paige*, 632; *Drake* agt. *Pell*, 3 *Edw. Ch.*, 251; *Hamlin* agt. *Osgood*, 1 *Red.*, 410; *Slosson* agt. *Lynch*, 43 *Barb.*, 147; *Wright* agt. *Trustees of Meth. Epis. Church*, *Hoff. Chy. R.*, 202; *Murdock* agt. *Ward*, 67 *N. Y.*, 387, 390). In the latter case, the court held that the words "next of kin" do not include the widow; they mean "relatives in blood" (*See, also, Luer* agt. *Dunham*, 69 *N. Y.*, 36; *Kettletas* agt. *Kettletas*, 72 *N. Y.*, 312; *Jones* agt. *Lloyd*, 33 *Ohio*, 572; *Gauch* agt. *St. Louis, &c.*, 88 *Ill.*, 251). And by the Code of Civil Procedure, section 2514, subdivision 12, the term "next of kin" includes all those entitled under the provisions of law relating to the distribution of personal property, to share in the unbequeathed residue of the assets of a decedent after payment of debts and expenses, other than a surviving husband or wife.

I must, therefore, decide that the widow is not included under the term "heir" as used by the testatrix, and can take nothing under the will.

The rights of parties claiming under the will must be determined by the law of New York, in which state the testatrix resided, and with respect to which she is presumed to have made her will. Undoubtedly had William N. Davis survived the tenant for life, and had then died, the rights of his wife to property of which he had died possessed would have been different, and her rights would in such case have depended upon the law of her husband's domicile at the time of his death.

The conclusion reached, therefore, with regard to the gift in question is that the defendants Grace E. Bird and others, who were the nearest blood relatives of William N. Davis, at the time of his decease, are entitled under the will to the share primarily given to him.

I do not regard it proper at this time to make any suggestions in regard to the fund of $10,000, set apart in pursuance of the fifth clause of the will, for the benefit of Ann B. Davis during her life. The trust concerning that fund still continues, and the fund cannot be distributed in this action, and it is probable that changes before the trust terminates will take place, which a decision now could not anticipate or effect.

The findings, conclusions of law and judgment will be settled in pursuance of the above.