Church, Ch. J.
 

 This is an appeal from an order denying the application of the defendant McCoy, to have the money representing the alleged interest of his late wife in the fund realized from the sale of certain real estate of the testatrix, paid over to him in accordance with the will of his said wife. Mrs. McCoy was over eighteen and under twenty-one years of age when she made the will and when she died, and had power therefore to dispose of personal property, hut not real estate, and the question to he determined is, whether the proceeds of the sale are to be regarded as personal or real property. This action was commenced to procure a construction of the will of Susan E. Ackerman, and for a partition or sale of real estate. Judgment was entered in 1869, which was acquiesced in by all the parties.
 

 The judgment has been executed by the salp, of the real estate, and the proceeds are now in court. It is clear that for the purposes of this motion the judgment entered in this action is conclusive. It is not before us for review, and we express no opinion upon the correctness of the construction of the will as determined by this adjudication. We are bound by that construction, and the judgment is also conclusive upon all the parties to the action. The judgment declared the power to sell the bulk of the real estate valid, but the trust to retain and invest the proceeds thereof, until the youngest child should arrive at twenty-five years of age, invalid and void. It also declared the trust to keep the homestead until the same period, void. By this construction
 
 *25
 
 the title to the larger portion of the real estate became vested in the heirs immediately upon the death of the testatrix, subject to the execution of the power of sale made by the executors. It is a familiar rule, that real estate sold in pursuance of a power in a will, is deemed to be converted into personal property by direction of the testator, and it is not material for the purposes of this motion whether the conversion is to be regarded as effected at the death of the testatrix or when the sale was actually made.
 
 (Stagg
 
 v. Jackson, 1 Comst., 210; 3 Wheaton’s R., 563; 7 Barbour R., 226.)
 

 It follows that, as to the proceeds of this part of the real estate, they must be regarded as personal property; and as to the portion to which Mrs. McCoy was entitled it would pass by her will, the petitioner has the legal right to receive it. Even if unborn children of one or more of the legatees dying before the termination of the trust declared in the will, would not be bound by the judgment (as to which we express no opinion), Mrs. McCoy would not be affected, because, although such children are entitled, under the original provisions of the will, to take the share of the legatee so dying, she having died without issue, her interest was absolute. The interest of each of the legatees, according to the original provisions, was a vested interest from the death of the testator, subject to become divested by the death of either, leaving issue prior to the determination of the trust. (1 Paige, 632; 1 Price R., 262; 1 Swanston, 161.) So that, if the trust had been declared valid, the interest of Mrs. McCoy would have become absolute upon her death, the contingency upon which the defeasance depended not having happened.
 

 The more difficult question to determine, is whether the proceeds of the homestead property is also to be regarded as personal estate. As to this property, no power of sale is contained in the will. The title vested in the heirs by descent, and it has been sold under partition proceedings instituted in this action.
 

 The owner of property has the absolute right to change its character at pleasure, and hence it is that when a testator
 
 *26
 
 directs such change in his will, the law deems it to be done for the purpose of determining its character, and the rights of parties to it.
 

 Infants are not regarded capable of managing their property, or of determining whether a change from one kind of property to another is for their interest. The general rule, both in England and this country, has been in dealing with the property of infants, to impress it during minority with its original character, whatever change may have actually occurred. Whether this rule is based upon the old idea of the inviolability of legal titles, or to prevent the injustice to heirs and next of kin, of changing the power of disposition, or to protect the property from conversion by improper influences on the part of either class, it is not important to inquire. (Story’s Eq. Juris., § 1357, and note 5 ; 19 Vesey, 122.)
 

 The Court of Chancery has no inherent, original jurisdiction to direct the sale of infants’ real estate. That authority is derived solely from the statute
 
 (Rogers
 
 v.
 
 Dill,
 
 6 Hill, 415), and the statute authorizing such sales declares that,
 
 “
 
 the proceeds shall be deemed real estate of the same nature as the property sold.” (2 R. S., § 180.) If these proceeds had resulted from a sale of the interests of the infants under this statute, no question could have been made as to the character of this fund. But it is claimed on behalf of the petitioner that the same rule does not prevail when the interest of infants is sold in partition proceedings instituted by other tenants in common, who have a right in their own behalf to demand partition or sale.
 

 The Court of Chancery entertained jurisdiction in partition at an early period in England, partly to meet cases not cognizable in courts of law, and have continued ever since to exercise such jurisdiction, although the jurisdiction of courts of law have been greatly enlarged by statute. (Story Eq. Tur., §§ 646 to 648.)
 

 Until the statute of the thirteenth and fourteenth Viet., the interest of infants in real estate was not sold absolutely in such proceedings, but they were allowed a day after they
 
 *27
 
 attained twenty-one years of age to show cause against the decree. (Id., § 652.) Since the statute, the infant is declared a trustee of the property, and the court is authorized by this statute to dispose of all interests held in trust.
 
 (Brown
 
 v. Wright, 3 Eng. L. and Eq., 190.) But I can find no authority departing from the rule before adverted to, of impressing the proceeds thus obtained with the character of real estate until the majority of the infant.
 

 Although both equity and common-law courts exercised a jurisdiction in partition, yet they are confined in conducting the proceedings in this State to the provisions of the statute, and it is urged that the omission in this statute, of the provision in the statute relating to sales of infants’ estates, preserving the fictitious character of the proceeds, is significant of an intent to convert the property from real to personal. I cannot assent to this position. The power to sell infants’ real estate is the creation of the statute, and in conferring this new power it was deemed proper to apply the same rule which prevailed in other cases. The statute simply adopted the established principle to this class of cases, which had been uniformly applied to other cases, when the court exercised jurisdiction over the property rights of infants, and its adoption is evidence of the existence of the principle. The same reason did not exist for such a declaration in the statute regulating proceedings in partition, because the rule applicable to such and like proceedings had existed long prior to the passage of the statute, and there is nothing in the statute repugnant to the rule. A sale is not the primary object of proceedings in partition. The power to sell is incidental, and can be exercised only when partition is impracticable. There was no necessity in this case to sell for the benefit of the children. If a division could have been made, the share of Mrs. McCoy and the other infants would have remained in real estate, and there seems to be a manifest impropriety in such a case in changing the character of the property any farther than actual necessity demands. There is more reason for preserving that character when sold in partition than upon
 
 *28
 
 a direct application to sell, because the interest of the infant requires it. At all events, there is no reason for making this an exception to the rule applied in other cases of the disposition of infants’ property.
 

 An infant may dispose by will of personal property at eighteen, but cannot of real until twenty-one; and as there is no recognized superior equity between heirs and next of kin during the life of- the owner, courts should be vigilant not to permit the interests of either to be prejudiced.
 

 The learned counsel for the petitioner insists, that the weight of authority is against this view, but the cases cited, especially in this State, are far from being decisive.
 

 In 16 Barb., 531-, it does not appear that the heirs who died in the lifetime of the widow were infants at their death. In 3 Barb. Oh., 169, the property was converted by operation of law during the life of the wife and after she was of full age, for aught that appears in the case; and in the case in 10 Paige, 496, it is doubtful whether the point was involved. On the other hand, the case in 1 Duer, 286, involved the disposition of surplus moneys, arising upon the foreclosure of a mortgage, and contains well considered opinions, both by the referee and court, in favor of the principle of preserving the character of the property, and there is more reason for claiming a conversion in such a case than in this, because it might be said that the sale was made in pursuance of a power contained in the mortgage.
 

 The authorities cited from other States seem to favor the views of the petitioner, but to what extent they may have been controlled by the statutes of the respective States I have not deemed it important to investigate. The rule should be uniform and definitely settled, as we think, in accordance with the statute relating to sales of infants’ estates.
 

 This conclusion leads to a modification of the order of the General arid Special Terms, so as to grant the motion as to the
 
 *29
 
 proceeds of the sale of all of the real estate except the homestead, and to deny it as to the proceeds of that.
 

 All concur.
 

 Ordered accordingly.