## PETITION OF THOMAS.

*Estate — conversion of real into personal by direction in will — lands devised to infants.*

H. died seized of an undivided interest in certain lands.    By her will, she gave all her estate, real and personal, to R. for life; remainder to the children of R.    The will authorized the executors to sell the interest of H. in the real estate, and convert the same into personalty, with the consent in writing of R.    The consent of R. was never given, and no sale was made; but, after the death of H., a partition suit was instituted, to which the children of R., who were infants, were made parties; the lands were sold thereunder, and the amount of the interest of which H. died seized deposited in court    *Held,*

that the power of sale in the will being dependent upon the consent of R
for its exercise, and that consent not having been given, and no sale having
been made thereunder, the interest of the children of R. in the lands of H.
was not converted into personalty, either by the provision of the will, or by
the sale made in partition, and the distributive share of each child upon the
death of such child before division went to the heirs, and not to the per-
sonal representatives of the child.

APPEAL from an order of the special term, entered upon the
report of a referee, directing the division of a fund in the hands of
the county treasurer of Kings county. The petition was made by
Betsy G. Bradley, claiming as assignee of Henry P. Bradley, hus-
band and administrator of Elvira R. Bradley, deceased, the dis-
tributive share of said Elvira R., in certain moneys deposited with
said treasurer, and arising from the sale in partition of certain
lands in which one Margaret Hoff owned an undivided interest at
the time of her death in 1832. The interest of said Margaret Hoff
was devised by will to one Sarah Ann Ryder for life, and the
remainder to her children, of whom said Elvira R. Bradley was one.
Such other facts as are material appear in the opinion.

*Edwin T. Rice*, for appellant, cited, Story's Eq. Jur., §§ 790–793,
1212–1214; *Forman* v. *Marsh*, 11 N. Y. 544; 2 Kent's Com. 230,
note *c*; *McCarty* v. *Terry*, 7 Lans. 236.

*Wm. Henry Anthon*, for respondents, cited *Bloodgood* v. *Bruen*, 3
Bradf. 8; *Stagg* v. *Jackson*, 2 Barb. Ch. 87; S. C., 1 N. Y. 206; *Kel-
lett* v. *Rathbun*, 4 Paige, 102; *Downing* v. *Marshall*, 23 N. Y. 366;
*Savage* v. *Burnham*, 17 id. 569; *Bramhall* v. *Ferris*, 14 id. 41;
*Wright* v. *Methodist Church*, 1 Hoff. Ch. 202, 218, 219; 2 Kent's
Com. (7th ed.) 30, note; *Bunce* v. *Van-der Grift*, 8 Paige, 40; *Eger-
ton's Administrators* v. *Conklin*, 25 Wend. 224; *Davison* v. *De
Freest*, 3 Sandf. Ch. 456.

TAPPEN, J. Mrs. Hoff died in the year 1832, seized of an undivi-
ded interest in real estate, and leaving a will devising the income of
the same for life to her daughter Mrs. Ryder, the remainder over to
Mrs. Ryder's children. The executors were empowered, with Mrs.
Ryder's consent, to be signified in writing, under seal, and attested
by two or more witnesses, to sell any of the real estate, and to invest
the proceeds in the purchase of other real estate and on bond and
mortgage, and Mrs. Ryder was to have the income produced by such

property so purchased or that produced by the bonds and mortgages in which the proceeds might be invested. It was further provided as follows: "From and immediately after the decease of my said daughter the real estate so purchased and the moneys put out at interest on bond and mortgage shall go to the children of my said daughter share and share alike, and to their heirs, executors, administrators and assigns forever."

The real estate was not sold under the power in the will; the consent in writing to the executors was not given. A partition suit was brought by Peter Conover and others, after Mrs. Hoff's death; and in this action her devisees were made parties. A decree was made in Chancery October 7, 1834, whereby the rights of the several parties were determined, and it was adjudged that the defendants (infants), Aletta Ryder, Anthony Ryder, Sarah Ryder, Margaret Ryder and Catharine Ryder were each seized in fee of one-tenth of certain of the estate, subject to the life estate of their mother Sarah Ryder; as to other realty set forth in the decree, they were each adjudged to be seized in fee of one-twentieth part, subject as aforesaid. The premises were sold and the proceeds brought into court and subsequently invested from time to time, and finally came to the hands of the county treasurer, who now holds $5,090, for the distribution whereof this proceeding is brought. It appears that Sarah Ryder was twice married, and died in November, 1858, leaving by her first husband the five children above named, and by her second husband, Daniel Richards, two children, to wit: Elvira and Daniel Richards.

Elvira became the wife of Henry S. Bradley; and she died intestate November 17, 1861, without issue or descendant, and leaving her husband surviving. He took administration of her estate, and as husband and administrator he assigned to the petitioner the share which he claimed to belong to Elvira in the moneys aforesaid.

It is asserted by the petitioner that the moneys, by the sale and conversion of the realty became personalty; and that as such the husband of Elvira is entitled thereto.

On the 10th of October, 1859, the supreme court made an order confirming the report of B. D. Silliman, referee, and setting forth that Elvira Richards was entitled, under the will of Mrs. Hoff, to one-seventh of the fund then in court, and directed that such one-seventh being $5,090, be passed to the credit of Elvira Richards, and the interest be paid to her general guardian.

On the petition in the pending proceedings a reference to take proof of the matters set forth in the petition, and to state an account of the fund in the hands of the county treasurer, was ordered to George G. Reynolds, Esq., who reported; the report was confirmed by order May 21, 1869; and the fund awarded to the brothers and sisters, both of the whole and half blood of Elvira Bradley, as her heirs at law. The petitioner filed exceptions to the report, which exceptions were overruled, and he now brings this appeal.

It is to be observed that the fund arose from the sale of realty under a decree in partition, and that the sale was not made pursuant to any will, or by the surrogate's order for the payment of debts, (2 R. S. 103). Hence the rule in *Kellett* v. *Rathbun*, 4 Paige, 102, and kindred cases, that a sale under the provisions of a will converts the proceeds of a realty into personalty, does not apply.

The disposition of the land of infants, by means of a sale under the statute or in partition, does not change the character of the estate. *Davison* v. *Defreest*, 3 Sandf. Ch. 456; 1 R. S. 752, § 8. And this view of the law is repeated in *Horton* v. *McCoy*, 47 N. Y. 21, and *Sweezy* v. *Thayer*, 1 Duer, 286.

The controlling feature in the present case is this: The power of sale to the executors of Margaret Hoff is not unqualified, but is made dependent on a written consent to be signed and sealed by her daughter, life tenant, in the presence of two or more credible witnesses. This restriction upon the power of sale with the non-exercise of that power prevents the conversion of the realty into personalty which has been argued to result from the mere force of an absolute power in a will.

The order appealed from should be affirmed with $10 costs.

*Order affirmed.*