## MARY E. DENHAM AND OTHERS, APPELLANTS, v. MARK CORNELL, IMPLEADED WITH OTHERS, RESPONDENTS.

*Real estate — Equitable conversion into personal — Money paid into court.*

Money paid into court, the proceeds of real property sold by direction of the court, and with the consent of the owner, a married woman, is to be considered personalty as between her heirs at law and personal representatives, provided such owner be an adult and of sound and disposing mind.

APPEAL from a judgment, entered upon the report of a referee dismissing a complaint on the merits.

The plaintiffs, her heirs at law, were substituted in the place of Maria Jane Cornell who died intestate January 25, 1872.

The referee held, among other things, that the subject-matter of this action was personal and not real property, and that the husband, and not the plaintiffs, the heirs at law of Maria Jane Cornell, was entitled to the same.

*Wm. Peet*, for the appellants.

*I. T. Williams*, for the respondent Mark Cornell.

BARNARD, J. :

The finding of the referee, that Mrs. Cornell voluntarily executed and delivered the deed to Stewart, is fully sustained by the evidence. The parcel of land which occasioned the present controversy was originally owned by Mary Jane Cornell, a married woman. There was a mortgage upon it which had been foreclosed, the foreclosure action passing into a decree in February, 1869. At the sale under the decree, Mark Cornell bid in the property in his own name. He directed the sheriff who made the sale to make out the deed to one Hopper. Hopper, at the request of Mark Cornell, executed a mortgage on the property to one Purdy for $3,000. This $3,000, and something less than $500 paid by Mark Cornell himself, paid the mortgage, which was foreclosed, with costs. Hopper then, at the request of Mark Cornell, deeded the property to Jayne and Mercer, two of the defendants, subject to the mortgage. Jayne and Mercer executed a declaration in trust that they held the same in trust; first, to secure John Denham for advances made to Mark Cornell and Mary Jane, his wife; and, second, to hold the same to the use and benefit of Mark Cornell; and to convey the same to whomsoever Mark Cornell should direct.

In May, 1871, Mark Cornell agreed to sell the property to A. T. Stewart for $14,000, and directed the trustees to convey to Stewart. Mark Cornell's proceedings were fraudulent as to his wife. He had taken her money, $500, to stop the foreclosure, and had agreed to do it, instead of which he had taken the title in his own name. Mary Jane Cornell, before the execution of the deed to Stewart, commenced this action to set aside and have herself decreed the beneficiary, and to compel a conveyance by Jayne and Mercer to herself. She obtained an order to show cause why an injunction restraining the completion of the sale to Stewart should not be granted. On the 19th of June, 1871, the motion for an injunction came on at Special Term; no order was entered thereon until August 3, 1871.

The motion resulted in an order, entered by the plaintiff Mary Jane Cornell, that the sale should be completed. That out of the proceeds of sale the sum called for by the declaration of trust should be paid by Jayne and Mercer; and that " the

balance of the purchase money" be paid into court to abide the result "of her action." The order also provided that Mary Jane Cornell should give a deed to Stuart. The order directed the discontinuance of the action as to all the defendants, except plaintiff's husband, upon such payment. This order was an eminently proper one, under the circumstances, and seems to have been made with the entire concurrence of all parties.

Mary Jane Cornell had received the benefits of the Purdy mortgage, and she acknowledged the advance by Denham. The price was ample. On the 1st of August, 1871, the money was paid into court; and, on the same day, Mary Jane Cornell executed and delivered a deed to A. T. Stewart in aid of Jayne and Mercer's deed as trustees. She died before the action was decided, and her husband and her administrator both claim the proceeds. The plaintiff Mary Jane Cornell converted the land into money in her lifetime. There was neither fraud, duress, or coercion. She consented that the land be sold, entered her own order for that purpose; substituted the purchase money left, after paying her admitted debts, to abide the result. She subsequently ratified her order by giving the deed. So far as I can discover, there is no case which does not hold that a voluntary change of land into money by an adult owner renders the proceeds personal property.

In *Graham* v. *Dickinson* (3 Barb. Ch., 169) it was held that where the real estate of a married woman was converted into personalty by operation of law during her lifetime, it should be disposed of in the same manner as if she had converted it.

In *Bogart* v. *Furman* (10 Paige, 496), it was held that the proceeds of a mortgage sale must be distributed as real estate, as to the interest of the owners of the equity.

In *Bogert* v. *Hertell* (4 Hill, 492), it was held that where the land was converted for a specific purpose it must, as to the purpose designated, be considered money and not land. In *Horton* v. *McCoy* (47 N. Y., 21), it was held that the proceeds of land, sold under a power of sale contained in a will, were personal property. It was also held that the proceeds of a sale in partition was real estate, as to an infant defendant, in analogy to the statute in reference to the sale of infant lands.

There are many other cases bearing upon the question of equita-

ble conversion of land into money and money into land. I think it may safely be assumed that it is a doctrine fully established, that property takes the form into which it is turned by its owner, if such owner be an adult and of sound and disposing mind. Living such intention is manifested by an actual change of form, deceased persons may convert by will directing the change. Whatever is directed to be done by will the courts hold to be done, and the distribution is made on this principle.

The moneys in question must be distributed among the next of kin, and not among the heirs at law. The husband of the deceased plaintiff is entitled to the moneys in this case as husband. Judgment affirmed with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed with costs.