(7 Misc. Rep. 268.)

# In re STIGER.

(Surrogate's Court, Kings County. February, 1894.)

TRANSFER TAX—REAL ESTATE—PROCEEDS OF PARTITION SALE.

An infant's share of the proceeds of a partition sale of land is taxable as personal property, under Laws 1892, c. 399, § 2, which exempts from taxation property passing to certain relatives, "unless it is personal property of the value of $10,000 or more, in which case it shall be taxable."

Appeal from order of appraiser.

Proceeding to appraise property of Grace C. Stiger, deceased, for taxation under the transfer tax law. From an order fixing the cash value of said property the next of kin appeals. Affirmed.

William B. Stiger, for appellant.

James W. Ridgway, Dist. Atty. (Robert B. Bach, of counsel), for respondent.

ABBOTT, S. Grace C. Stiger, formerly a resident of Brooklyn, died August 24, 1892, at the age of 15 years and 8 months, possessed of certain personal property and seised of certain real estate. Among other property of which said Grace C. Stiger was the owner at the time of her decease was a one-third interest in a fund on deposit in the United States Trust Company to the credit of a certain partition suit to which the said Grace was a party. The fund, with accrued interest, amounts to the sum of $76,936.26, of which $21,667.19 is accumulated interest, and $55,269.07 is the original amount paid in, and represents the share or interest of infants of the proceeds of sale of real property in partition. The value of Grace's interest in the fund is $25,645.42. Decedent left surviving, as her only next of kin and heirs at law, a father and brother and sister, her mother having died May 3, 1878. It is contended by the appellant that this fund, being the proceeds of sale of real property, and passing to the heirs at law, and not the next of kin of the intestate, is not personal property under section 2 of the act in relation to taxable transfers of property. I am unable to agree with the appellant in his contention. Chapter 399 of the Laws of 1892 provides:

"Section 1. Taxable Transfers. A tax shall be and is hereby imposed upon the transfer of any property, real or personal, of the value of five hundred dollars or over, or of any interest therein or income therefrom, in trust or otherwise. to persons or corporations not exempt by law from taxation on real or personal property in the following cases: 1. When the transfer is, * * * by the intestate laws of this state, from any person dying seized or possessed of the property while a resident of the state. * * * Sec. 2. Exceptions and Limitations. When the property or any beneficial interest therein passes by any such transfer to or for the use of any father, * * * brother, sister * * * of such decedent, grantor, donor or vendor * * * such transfer of property shall not be taxable under this act, unless it is personal property of the value of ten thousand dollars or more, in which case it shall be taxable under this act at the rate of one per centum upon the clear market value of such property."

In the construction of statutory provisions imposing taxes, the law does not favor such an interpretation of doubtful or ambiguous provisions as will have the effect to exempt the property from the

operation of the act, unless such an intention of the legislature shall clearly appear. People v. Davenport, 91 N. Y. 574; People v. Coleman, 135 N. Y. 231, 31 N. E. 1022. Therefore, we must find in the terms of the transfer tax act a clear intention to exempt the property in question. The rule of law which has created the fiction that, under certain circumstances and for certain purposes, the proceeds of sale of real property shall continue to be regarded as real property, has been adopted by our courts, which have followed the rule of the common law. In Horton v. McCoy, 47 N. Y. 21, Church, Ch. J., writing the opinion, holds that the share of an infant owner of real property of proceeds of sale in partition retains its character of real property during the minority of the infant, so that such proceeds descend to the heirs at law of such infant, and not to his next of kin or to the legatees of infants over 18 years of age. On the other hand, if the property be sold by executors under a direction contained in the will of a testator, there is effected an equitable conversion, and an infant's share of such proceeds of sale is personal property, passes to legatees under the will of an infant over 18 years of age, or to the next of kin, and not the heirs at law of an infant dying intestate. The infant, being seised of land in his own right, had at common law absolutely no power to sell or dispose of the same or to alter its character. "The court of chancery entertained jurisdiction in partition at an early period in England, partly to meet cases not cognizable in courts of law, and has continued ever since to exercise such jurisdiction, although the jurisdiction of courts of law has been greatly enlarged by statute. Story, Eq. Jur. §§ 646–648. Until the statute of the thirteenth and fourteenth Vict., the interest of infants in real estate was not sold absolutely in such proceedings, but they were allowed a day after they attained twenty-one years of age to show cause against the decree. Story, Eq. Jur. § 652. Since the statute, the infant is declared a trustee of the property, and the court is authorized by this statute to dispose of all interests held in trust. Bowra v. Wright, 3 Eng. Law & Eq. 190. But I can find no authority departing from the rule, before adverted to, of impressing the proceeds thus obtained with the character of real estate until the majority of the infant."

It now remains for us to determine whether, in the light of the foregoing authority, it was the intention of the legislature to exempt such proceeds of sale of real property from the transfer tax. As we have seen, the law does not favor exemptions. The transfer tax act taxes, not the property, but the individual who receives the property as a condition to the transfer thereof to him. In the case under consideration, what kind of property is it which passes to the heirs at law of the intestate? Certainly not real property. What they receive is money. The tax being upon the devolution, transfer, or passing of title of the property, it would be an extraordinary extension of the fiction which regards personal property as real property for certain purposes to hold that the legislature intended to regard it as real property for the purpose of exemption when it says: "Such transfer of property shall not be taxable under this act, unless it is

personal property of the value of ten thousand dollars or more," etc. It is evident that the exemption was not intended for the benefit of the heirs at law as such, because, among the classes specified in the exemption clause, the individuals constituting the heirs at law and next of kin are always the same, and their interests in real property under the law of descents are in most cases identical with their interests as next of kin under the statute of distribution. So that the reason for the exemption must be looked for in the kind of property the transfer of which is exempted. This is real property, and the reason for its exemption probably is the fact that it already largely contributes to the payment of all taxes. If the fund in question is to be exempted as real property under the provision above quoted, it should be contended with greater force that the fund is subject to assessment and taxation as real property under the general laws providing for taxation of real property. The fund should be listed, assessed, and taxed like other parcels of real property. The effect of exempting the fund in question would be to twice exempt the interest of the infant in the real property sold. The real property sold is exempted from the tax as real property, and the fund with which it was purchased, which before was personal property, and subject to the tax, now becomes real property and is exempt, so that the rule contended for would take out from the aggregate fund of personal property otherwise taxable just the amount paid for the real property. I am of the opinion that the fund in question is not exempt from the tax. Decree affirmed.