(7 Misc. Rep. 392.)

### THURSTON v. E. P. WILBUR TRUST CO. et al.

(Common Pleas of New York City and County, General Term.    March 5, 1894.)

1. GUARDIAN AND WARD—PAYMENT OF ESTATE TO GUARDIAN.
   Where money of an infant is placed in the hands of a county treasurer on failure of the guardian to give bond, and the treasurer, without an order of court, invests the money, but in such a way that he can return it on call, the court may order him to turn over such money to the guardian, as provided by Code Civ. Proc. § 1581, in case an infant's moneys remain uninvested in permanent securities for three months.

2. SAME—TRANSFER OF SECURITIES.
   Under Code Civ. Proc. § 747, providing that the court may order any securities which represent property to be transferred in any manner which appears to be best in the interest of the owner, the court may order a county treasurer who has invested the moneys of an infant to transfer the securities to the general guardian of the infant.

Appeal from special term.

Action by William R. Thurston against the E. P. Wilbur Trust Company, as executor, and others.    From an order denying an ex parte application, made by the guardians of the infant defendants, for an order directing the chamberlain of the city of New York to pay over certain moneys, petitioners appeal.

Argued before DALY, C. J., and BOOKSTAVER and BISCHOFF, JJ.

W. Harris Roome, for appellants.

DALY, C. J.    The infants, E. Coppee Thurston, Joseph Wharton Thurston, William Wharton Thurston, and Mary Wharton Thurston, were parties defendant in an action of partition in this court, and by the final judgment confirming the sale, entered April 17, 1893, it was directed that their shares be paid over to their general guardian, if any should be appointed within 60 days, and should have ·given a bond, to be approved by the court, within the same period.    The share of each infant was $1,610.75.    Within the period specified, general guardians for the infants were appointed in Pennsylvania,—Joseph Wharton guardian of the three first-named infants, and Louisa Nina Wharton of the last-named.    A bond in $60,000 was given by Joseph Wharton, and in $20,000 by Louisa Nina Wharton, in the orphans' court of Northampton county, Pa.    The bond was never presented to this court for approval. On July 5th, after the 60 days had expired, ancillary letters of guardianship were issued by the surrogate of New York county to the said guardians.    No bond having been presented for approval to the court within the period limited by the judgment, the

referee paid the shares of the infants into court, and the money was deposited with the chamberlain of the city of New York. The chamberlain, as appears upon inquiry, disposed of .the money in the following manner: He used $5,000 towards the purchase of an $8,000 mortgage, and used $1,000 towards the purchase of an $18,000 mortgage, and retains the balance, $410.79, in cash. An application was afterwards made to the special term, upon the affidavit of the guardian ad litem of the infant defendants, and of the attorney in Pennsylvania of the general.guardians of the infants, for an order that the infants' share be paid over by the chamberlain to the said general guardians. The application was referred to the general term, as .the learned judge at special term was in doubt as to the power of the court to grant the application.

The Code provides, (section 1581,) with respect to the distribution of the proceeds of sale in partition, that the court may direct the share of an infant to be invested in permanent securities, in the name and for the benefit of the infant; or may direct it paid over to his general guardian, when he shall have executed a bond to the infant with two sureties approved by the court; or, 'if any of the moneys shall have been paid to the county treasurer, on proof that such money has remained uninvested in permanent securities for the space of three months, may direct the same to be paid to the general guardian upon his giving an undertaking, in an amount and with sureties satisfactory to the court, for the faithful execution of his trust. The court has never directed the share of these infants to be invested as provided by the section .of the Code above referred to, and such investment as the city chamberlain has made was pursuant, as we are informed, to a general permission given him by the comptroller of the state to invest moneys belonging to infants. The comptroller is authorized by the Code (section 744) to supervise the administration of all funds paid into courts of record, and to prescribe regulations and rules for the care and disposition thereof, unless the court having jurisdiction over the same shall make different directions by special order, pursuant to a subsequent section, (747.) The last-named section prescribes that each court may direct that money paid into that court, or any security which represents property belonging to any suit or party, may be transferred, invested, reinvested, or deposited in any manner or form that appears to it best for the interest of the owners thereof; but such directions must be embodied in an order or decree of the court, founded upon proper and sufficient evidence, satisfactory to the court, that such disposition is best for the interest of the owners or parties interested therein. The provisions of sections 744 and 747 are qualified by the provisions of section 1581 when there is question of the disposition of moneys belonging to infants, and the provisions of the latter section will govern in such a case. By that section the investment of such moneys must be permanent securities in the name and for the benefit of the infant, and, if such money has remained uninvested in permanent securities for a space of three months, the court may direct the same to be paid to the general guardian of the infants

upon his giving the prescribed bond. No such investment as is contemplated by the Code has been made of the fund in question. The money has been properly, so far as anything appears to the contrary, used by the chamberlain in such a way as to secure a substantial income. It has been mingled with other funds in his hands in the purchase of different mortgages for large amounts; but, as I am informed, the chamberlain is prepared, at short notice, to substitute other moneys on deposit with him for any particular fund so employed, and, thus converting the latter into cash, hold it subject to the disposition of the court. His investment of the moneys of these infants is therefore of a temporary, and not permanent, character. As no "permanent investment in the name" of the infants, as required by section 1581 of the Code, has so far been made, the share of each must be deemed to be still uninvested, and subject to the order of the court upon the application of the general guardians, authorized by the said section. The court, therefore, has power to direct such share to be paid over to the general guardians. In thus disposing of the particular case it must not be considered that we have any doubt of the power of the court to order the transfer, by the chamberlain to the general guardian of an infant, of any permanent security in which the share of such infant has been invested. Nothing in the Code limits the power of the court over the investments of moneys paid into court. By section 747 of the Code, already cited, each court may direct that money paid into court, or any security which represents property belonging to any suit or party interested therein, may be transferred in any manner or form that appears to it best for the interests of the owners thereof. This provision is general, and there is no reason why it should not apply to moneys belonging to infants. In at least two cases brought to our notice, precedent for the exercise of such power is found in orders made in the supreme court, (In re Holland Trust Co.,[1] July 3d, 1893; In re Bescher,[1] June 8, 1892,) although, in another case, (Flynn v. Lynch,[2]) an order was denied in the exercise of discretion. In this case we cannot order a transfer of the securities in which the infants' money is at present tied up, because such security represents also an investment of other funds; but, treating the infants' shares as uninvested, for that reason the court will, upon a proper application at special term, make an order, under section 1581, for the payment of the infants' shares to the general guardians of such infants, upon their giving undertakings, in an amount and with sureties satisfactory to the court, for the faithful execution of their respective trusts. The application to the special term should be in the form of a petition by the general guardians upon notice to the chamberlain, and the proposed undertaking should be presented with the petition. An order may be entered accordingly. All concur.

[1] No opinion. Not reported.
[2] See note on page 926.

## NOTE.

The opinion of Mr. Justice Lawrence in Flynn v. Lynch (filed February 28, 1894, supreme court, New York county, at chambers) is as follows:

"This is a motion to set aside an ex parte order made by me on the 12th of January last, directing the city chamberlain to pay certain moneys held by him for the benefit of three infants to the administratrix of one and the general guardian of the other infants. The motion is made on behalf of the plaintiff and one of the adult defendants in the action. The action was brought for the partition of certain real estate in the city of New York, and final judgment therein was entered on the 7th day of August, 1891. There is no dispute about the facts. The property was sold pursuant to the judgment, and the shares of the three infants, Daniel Lynch, Angela Lynch, and Joseph Lynch, were deposited with the city chamberlain, to be invested in permanent securities pursuant to the directions of the final decree, which was in the usual form in such cases. The principal share of each infant amounted to $2,075.75, which was deposited with the chamberlain in two sums. The first deposit was made by the referee after the purchaser took title, being in the sum of $1,814.70. Under an order entered in the suit after the final judgment, the referee had been directed to deposit the sum of $6,500, part of the proceeds of the sale, with the United States Trust Company, to secure the claims of creditors of John Lynch, deceased, who was the owner of the property at his death. The parties to this suit were his heirs at law and widow. After the creditors' claims were ascertained, a surplus remained, and the share of each of the infants in such surplus was $261.05, which formed the second deposit made with the chamberlain to their credit. After the sale and the first deposit was made, namely, on April 1, 1892, Daniel Lynch, one of the infants, died, unmarried, at the age of eighteen. On January 8, 1894, the defendant Mary Lynch, his mother, was appointed administratrix of Daniel by the surrogate of New York, and on the same day she was also appointed general guardian of Angela and Joseph. On January 12, 1894, on her petition as such administratrix and guardian, the affidavit of her attorney, the certificates of the city chamberlain showing the amounts held for the respective infants, and the certificates of the clerk to the surrogate's court that letters had been granted to her, she procured the order now sought to be vacated. The petition here sets forth the fact of her appointment as administratrix and general guardian, the amount of the infants' shares, and the petitioner's desire to procure the fund held for the respective infants. The affidavit of the attorney merely proved the amount of security, namely, the personal security of two bondsmen given by the petitioner on her appointment as administratrix and as guardian. By a clerical error made by a clerk in the surrogate's office the penalty of the bond in the matter of the guardianship of Joseph is for only $400, whereas it should have been $4,000. It is conceded by the counsel for the administratrix and guardian that the security as to such infant is insufficient, and it is consented that the order in question should be vacated or modified in respect to Joseph Lynch's share. It is, however, contended on the part of the moving party that the order of January 12, 1894, in so far as it directed the payment of the fund for account of the deceased infant, Daniel Lynch, to his administratrix, was unauthorized and improper, and that the administratrix had no right to the fund or its custody or possession. It is settled that where real estate owned by tenants in common, of whom an infant is one, is sold under and in pursuance of a judgment in partition instituted by others of the tenants in common, the portion of the proceeds belonging to the infant remains impressed with the character of real estate. Horton v. McCoy, 47 N. Y. 25; Ford v. Livingston, 70 Hun, 178, 24 N. Y. Supp. 412; Forman v. Marsh, 11 N. Y. 544. On Daniel's death, and before attaining majority, therefore, the fund descended as real estate to his heirs at law. Cases supra. It is contended, however, that the provisions of section 2359 of the Code of Civil Procedure, as amended by Laws 1892. c. 523, sanction the order so far as it directs payment of Daniel's share to his administratrix. I do not concur in that view, inasmuch as that section relates to title 7, c. 17, of the Code of

Civil Procedure, providing for the sale of real property of an infant where the personal property and income of the real property of the infant are insufficient for the payment of his debts, or for the maintenance and necessary education of himself and family, etc. That amendment did not relate to the sale of the infant's share in real estate in a partition suit, nor change the rule laid down in the cases above referred to; and, besides, that amendment appears merely to contemplate the retention of the funds by the trustee after the funeral expenses, and expenses of administration, and indebtedness have been paid. In this case there was no money in the hands of a trustee, and it does not appear that any expenses had been incurred by the administratrix. In order to properly construe the amendment to section 2359 of the Code of Civil Procedure made by chapter 523 of the Laws of 1892, it is necessary to look at another act,—chapter 558 of the Laws of 1892, which amends section 1581 of the Code of Civil Procedure. That section is contained in article 2 of chapter 14 of the Code, and relates to the shares of infants in property sold in actions for partition. It provides, as amended, that, where a party entitled to receive a portion of the proceeds is an infant, the court may direct it to be invested in permanent securities, at interest, in the name and for the benefit of the infant; or it may direct it to be paid over to the general guardian of the said infant when the guardian shall have executed to such infant a bond, with two sureties, which shall be approved by the court; or that, if any of the moneys arising from the proceeds of such sale shall have been paid to the county treasurer, and on proof that such money has remained uninvested in · permanent securities for the space of three months, may direct the same to be paid to the general guardian of such infant upon his giving an undertaking, in an amount and with sureties satisfactory to the court, for the faithful execution of his trust. In this case the court has, by its final judgment, directed that the shares of the infants be paid into court, to be invested in permanent securities, at interest, in the names and for the benefit of said infants, and it appears that the chamberlain has invested all but a small portion of those shares in such securities. It is therefore apparent that the money has not remained uninvested in permanent securities for the space of three months, which is ·one of the cases in which, under section 1581 of the Code of Civil Procedure as amended, the court may direct the infant's share to be paid to the general guardian. I therefore see no necessity for transferring the corpus of the estate to the general guardian of the two surviving infants. And it has already been sufficiently shown, I think, that the administratrix of the deceased infant is not entitled to the fund, the judgment being in a partition action, and therefore not covered by section 2359 of the Code of Civil Procedure, as amended by Laws 1892, c. 523. Furthermore, the amendment of section 1581 apparently confides to the discretion of the court the question as to whether the money shall be paid to the general guardian or remain as invested by the county treasurer or chamberlain. The court having already exercised that discretion by its judgment, the order heretofore made appears to have been improvidently granted. If these views of the statute amending the two sections of the Code of Civil Procedure, above referred to, are correct, it is unnecessary for me to examine the question of security provided for by the general rules, or whether rule 54 or rule 59 should be applied in determining the amount of security which a general guardian should give before he can receive funds arising from the sale of the real estate of an infant. Settle order on two days' notice."