In the Matter of the Application of THE DEPARTMENT OF PUBLIC PARKS Relative to Acquiring Certain Lands Under the Provisions of Chapter 522 of the Laws of 1884.

MARTHA N. SPROAT, as Ancillary Guardian, etc., of LOUIS D. SPROAT and Others, Infants, Petitioners; THE MAYOR, ALDERMEN. AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Proceeds of sale of real property belonging to infants or lunatics — ancillary guardian not entitled thereto.*

The proceeds of real property belonging to lunatics or infants when sold by the order of a court will be considered real estate so long as the incompetency continues, and upon the death of the lunatic or infant the money will go to his heirs.

The autho.ity conferred upon an ancillary guardian by section 2840 of the Code of Civil Procedure only allows the person to whom such letters of guardianship are issued "to demand and receive the personal property and the rents and profits of the real property of the ward;" an ancillary guardian has no title to the real property of his ward and should not be paid an award made to an infant for real property belonging to him taken in condemnation proceedings, but the award should be invested under the direction of the court during the minority of the infant and the income arising therefrom be paid to his guardian.

MOTION by the petitioner, Martha N. Sproat, as ancillary guardian, etc., of Louis D. Sproat and others, infants, to confirm the report of a referee appointed to take proof of the facts stated in the petition in this matter, and of the rights of the parties therein, and for an order directing the respondent to pay to her an award made in condemnation proceedings.

*H. Kettell*, for the motion.

*Charles A. O'Neil*, opposed.

O'BRIEN, J. :

This is an application for an order for the payment of an award made to unknown owners, and comes before the court upon the report of a referee. The question presented is as to whether the award should be considered real estate or personal property.

It appears that the petitioner, Martha N. Sproat, individually and as ancillary guardian of the property and persons of the infants

herein, applied for payment of the award which was made to unknown owners. The city acquired title to the land long after the death of the father of such infants, and at the time of taking such title the property was owned by the three children, subject to the dower rights of his widow. Letters of guardianship were issued in the State of Ohio to the petitioner, who there gave a bond, and ancillary letters of guardianship have been issued to her by the surrogate of New York county. The referee reports that the award made for the land should be paid to the petitioner by virtue of such ancillary letters of guardianship, while the city claims that the award should stand in the place of the land, and, being still real·estate, should not be paid to the petitioner.

It has been held that the proceeds of real property sold by the court belonging to lunatics or infants will be considered real estate so long as the incompetency continues, and on the death of the lunatic or infant the money will go to his heirs. (*Horton* v. *McCoy*, 47 N. Y. 21.)

In *Ford* v. *Livingston* (70 Hun, 178, head-note) it is held: "Money paid by an elevated railroad company to the committee of a lunatic, in pursuance of the judgment of a court, as 'fee damages' and as the price of a conveyance of the easements appurtenant to the lunatic's real estate taken by the railroad, is to be deemed real estate as long as the owner's incompetency exists." And Mr. Pomeroy, in his work on Equity Jurisprudence (Vol. 3, p. 135, note to § 1167), says: "Where land has been taken, not by voluntary negotiation, but by the compulsory proceedings authorized by statute, and the money is paid into court, it continues to be real estate until it is taken out by some person having a right to elect to treat it as money, that is, by some person *sui juris* who is an unfettered owner. If the owner is an infant or a lunatic, or if the land is subject to a settlement, the money necessarily retains its character as real estate."

Apart from this, however, we do not see by what right the award should be paid to the ancillary guardian, because she is not authorized to receive it. The authority conferred upon such a guardian by section 2840 of the Code of Civil Procedure only allows the person to whom such letters of guardianship are issued "to demand and receive the personal property and the rents and profits of the

real property of the ward." As the award, therefore, must be considered as real estate, and as the ancillary guardian has no title to the real property of the infants in the State of New York, she should not receive the award, but the same should be disposed of by this court, by directing its deposit in a trust company, there to remain during the minority of the infants, the income arising therefrom to be paid to the guardian.

Ordered accordingly.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Motion denied; order made as directed in opinion, without costs.