In the Matter of the Judicial Settlement of the Account of NETTIE HESS CHARBONNEAU, as Special Guardian of VIVIAN HESS SHUE, an Infant.

County Court, Lewis County, April 20, 1927.

**Infants — property — money received from sale of real estate of infant, under Civil Practice Act, art. 82, considered as real property during infancy — curtesy — infant married and died intestate while minor leaving child surviving — husband has right of curtesy in fund.**

Money received from the sale of property of an infant, under article 82 of the Civil Practice Act, must be regarded as real property and on the death of the infant during minority such money passes as real property to the same persons to whom the property would have passed, had there been no sale.

Accordingly, on this proceeding to account for the fund received on the sale of real property of an infant who after the sale married and died intestate while still a minor, leaving a child surviving her, the money received from the sale of her real property passes as real estate to her infant son, subject to the estate of curtesy of her surviving husband.

APPLICATION by Nettie Hess Charbonneau, as special guardian of Vivian Hess Shue, an infant, to account for funds received on sale of real property of said infant and for distribution of said funds.

*Harry W. Cox,* for Nettie Hess Charbonneau, as special guardian of Vivian Hess Shue, and for Ronald A. Shue.

*George S. Reed, guardian ad litem,* for Ronald A. Shue, Jr., an infant.

CARTER, J.   Vivian Hess was born on the 19th day of February, 1906, and on the 17th day of November, 1921, as sole heir of her father, Earl E. Hess, became the owner in fee simple absolute of certain lands, situate in the county of Lewis, subject only to the dower interest therein of her mother, Nettie Hess Charbonneau, and which dower has never been assigned.

In a proceeding taken pursuant to article 82 of the Civil Practice Act for sale of real property of infants, a part of said lands was sold and conveyed on the 19th day of May, 1922; and in a similar proceeding the balance of said lands was sold on a contract, dated October 1, 1923, and on August 4, 1924, a part of said contracted lands was conveyed, and on the 8th day of April, 1926, the balance of said contracted lands was conveyed.

The value of the interest of said infant in all of said lands was fixed in the said proceedings for the sale thereof at $11,508.19, and the purchasers of said lands paid said sum therefor, with certain accumulation of interest; and it is said sum, with accumulation of interest, less certain costs and deductions (not necessary to be referred to here), that is to be disposed of in this proceeding.

On November 15, 1924, the said Vivian Hess married Ronald A. Shue; on September 5, 1925, a child, Ronald A. Shue, Jr., was born of said marriage; and on December 17, 1925, the said Vivian Hess Shue died intestate, under the age of twenty-one years, survived by her said son, Ronald A. Shue, Jr., her only heir at law and next of kin, and by her husband, the said Ronald A. Shue.

Briefly stated the question to be determined is, where a female infant owns an estate of inheritance in land and the land is sold in infancy proceedings (so called) and after such sale she marries, a child is born of said marriage, and she dies intestate before she reaches the age of twenty-one years, survived by her husband and

said child, whether the husband has an estate in curtesy in the money received for said land.

So far as I have been able to ascertain this question has not been directly decided in this State.

An estate in curtesy is a life estate which the law gives the husband on the death of his wife in the lands of which she dies seized of an estate of inheritance, provided a child is born alive of the marriage, and also provided the wife has not disposed of said land by will.

Beyond question, if the said lands had been owned by the infant at the time of her death, her husband would have had an estate in curtesy therein.

Section 1402 of said article 82 of the Civil Practice Act, under which the lands of said infant were sold, reads as follows: "A sale of real property, or of an interest in real property other than a possibility of reverter, of an infant or incompetent person, made as prescribed in this article, does not give to the infant or incompetent person any other or greater interest in the proceeds of the sale than he or she had in the property or interest sold. Those proceeds are deemed property of the same nature as the estate or interest sold until the infant arrives at full age or the incompetency is removed. The proceeds of the release of a possibility of reverter shall be deemed and treated as if they were proceeds of real property of which the infant was seized and possessed."

The above-quoted statute is merely declaratory of the old chancery rule applicable to the sale of real property of infants, and the object of the statute is to preserve and continue during the infant's minority the character of the property and to prevent a change in the devolution thereof in case he dies before reaching the age of twenty-one years, and also to avoid giving the infant a power of testamentary disposition which he did not before possess; and the rule would have been the same if the said statute had not been enacted. (*Forman* v. *Marsh*, 11 N. Y. 544, 548; *Sweezy* v. *Thayer*, 1 Duer, 286, 303; 2 Fiero Particular Actions & Proceedings [4th ed.], 1736, and cases cited.)

Where at the time of the sale of mortgaged premises under a decree of foreclosure, the equity of redemption therein is owned by a minor, and a surplus arises from the sale, his interest therein is deemed real estate and will be disposed of as such at his death, if he dies under age; and where real property is sold in a partition action, the share of an infant remains real property during the minority of the infant, and if he dies before he becomes twenty-one years of age, the fund descends as real property to his heirs and should not be paid to his administrator. (*Sweezy* v. *Thayer*, *supra; Flynn* v. *Lynch*, 23 Civ. Proc. 369, 372; *Horton* v. *McCoy*,

47 N. Y. 21; *Williams* v. *Post*, 158 App. Div. 818; *Ametrano* v. *Downs*, 170 N. Y. 388, 392.)

" Where money is bequeathed to a wife to be invested in lands, and she dies before the investment is made, her husband is entitled to curtesy in the fund, and on the same principle, if real estate is converted into personal estate by operation of law during her lifetime, *e. g.*, by partition sale or condemnation proceedings, the husband's right of curtesy is not lost." (8 R. C. L. 396, and cases cited.)

H., an infant, was seized in 1840 of an undivided one-third interest in certain real property, subject to the dower therein of her mother. H. married Theodore Wetherill and by him had one child born alive, since deceased, and died in 1853 under the age of twenty-one years, survived by her said husband. Said real property was sold in 1852 under the statute by the County Court on petition of said H. and her sister, and the question was as to disposition of the funds received on sale of said real property. The court, at Special Term, gave judgment distributing funds. Theodore Wetherill, the surviving husband of H., and other interested persons were not made parties, and on appeal the court said: " For the reason that the judgment will not bind either Harriet Wetherill, the half sister of Catharine L. Valentine, or Theodore Wetherill, who claims as a tenant by the curtesy, the judgment should be reversed, to the end that they may, by proper proceedings, be brought in as parties and have the opportunity to assert their title. But if the claims of these parties were before us, upon this record, I should be of the opinion that they were well founded; especially that of the half sister." (*Valentine* v. *Wetherill*, 31 Barb. 655, 657.)

While the question of the curtesy rights of the surviving husband was not directly before the court, still the opinion was by an able judge, who afterwards became a member of the Court of Appeals of this State, and is justly entitled to great weight.

In the case of *Vaughan* v. *Jones* (23 Grat. 444), decided in 1873 by the Supreme Court of Appeals of the State of Virginia, the facts were as follows: In 1852 Rosa Boisseau, an infant, was seized of certain lands which were sold under decree of the court; after the said sale and in 1862 said Rosa married one Britton and died in 1864, under the age of twenty-one years, intestate, survived by the only child of said marriage and her said husband. The court held that the proceeds of the real estate of Rosa Boisseau, which was sold during her minority, passed at her death, as real estate, to her infant child, subject to the life estate of her husband by the curtesy.

The facts in the above case are in effect identical with those in the case at bar, and the law in the State of Virginia on this subject is substantially the same as in the State of New York.

The Virginia court, after stating the established principle of courts of equity not to suffer the real estate of infants to be changed into personal, nor personal into real, referred to the statute of that State, which, after authorizing, in a proper case, the sale of real property of an infant, provided that if the infant after such sale shall die intestate, under the age of twenty-one years, the proceeds shall be considered as real estate, and shall pass accordingly (that is, as real estate) to such person or persons as would have been entitled to the estate sold, if it had not been sold; and said court further stated (at p. 457) that if the statute above mentioned had not been enacted, " it might be maintained, with much reason, that the proceeds of sale should, upon equitable principles, receive the impress of real estate, and pass in succession upon the death of the infant, as real estate, to those who would have been entitled to it if it had not been sold. And so it has been held in New York, in *Forman* v. *Marsh*, 11 N. Y. 544; and in *Horton* v. *McCoy*, 47 N. Y. 21; and also in New Jersey in *Oberly* v. *Lerch*, 346,* in the Court of Chancery, and *Lerch* v. *Oberly*, 3 C. E. Green, 575, in the Court of Errors & Appeals. The New York statute for the sale of infant's real estate, gives to the proceeds the impress of real estate, and passes them in succession to those to whom the real estate would have descended, if it had not been sold; as our Virginia statute does in effect. * * * In *Forman* v. *Marsh*, EDWARDS, J., held, that if the statute had not given the character and impress of realty to the proceeds of sale, it would have been given by the application of equitable principles; and that upon those principles, ' as soon as the property was received by the person who alone was interested in it, after he became of full age, and was competent to receive it,' and not before, it would lose the impress of realty."

It is apparent from the statute and decisions above referred to that in contemplation of law when land of an infant is sold, the money received upon such sale remains land and on the death of the infant, before reaching the age of twenty-one years, such money passes as land to the same persons to whom the land would have passed had there been no sale; and it follows if a surviving husband would have had curtesy in the land if it had not been sold, he would have curtesy in the money derived from the sale.

I, therefore, hold that on the death of the said Vivian Hess Shue the moneys received from the sale of her real property passed

* 3 C. E. Green, 346.— [REP.

as real estate to her son, Ronald A. Shue, Jr., subject to the estate in curtesy of her surviving husband, Ronald A. Shue.

It appears that Ronald A. Shue has signed an instrument by which he has consented to accept a gross sum for his estate in curtesy. I think under the circumstances, after deducting expenses, commissions and moneys necessary to comply with section 1408 of the Civil Practice Act, that the balance of the funds received on the sale of said real estate should be paid over to the husband to be held by him as tenant by the curtesy, upon his giving a bond for the repayment of same at the expiration of his life estate to the person or persons then entitled thereto, or that said fund be placed in the hands of some banking institution authorized to hold trust funds, to keep the same invested and pay the net income over to said Ronald A. Shue during his lifetime and the corpus of the fund to the person or persons entitled thereto at the death of the said Ronald A. Shue. (*Matter of Camp*, 126 N. Y. 377.)

A decree may be entered accordingly.